UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED                        -PSO-

2007 AUG 20  PM 12: 19

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

============================

PATRICIA J. CURTO,

                    Plaintiff,

                                              **DECISION and ORDER**
        -v-                                    06-CV-761S

DONNA M. SIWEK,

                    Defendant.

============================

        Before the Court is plaintiff Patricia Curto's motion (Docket No. 11), pursuant to Fed.

R.Civ.P. 60, to vacate the Court's Order entered on February 12, 2007 (Docket No. 9)

("February 12, 2007 Order"), which dismissed the amended complaint upon the Court's

determination that the allegations of the complaint failed to state a claim upon which relief

could be granted.[1]   Plaintiff's motion requests, in the alternative, that the Court grant

plaintiff permission to file a late notice of appeal, and vacate its denial to plaintiff of leave

to appeal as a poor person from the February 12, 2007 Order.

        Rule 60(b)[2] sets forth the grounds on which a court, in its discretion, can

rescind or amend a final judgment or order.  It provides, in pertinent part:

> On motion and upon such terms as are just, the court may
> relieve a party or his legal representative from a final
> judgment, order, or proceeding for the following reasons:

--------------------------------------------------

        [1]A Judgment was entered upon the February 12, 2007 Order on the same date.  (Docket No. 10).

        [2]While plaintiff fails to specify whether her Rule 60 motion is based upon subsection (a) ("Clerical
Mistakes") or (b) ("Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.") of
Rule 60, the arguments proffered in support of the motion make it clear that it is based upon one or more of
the subdivisions of Rule 60(b), and the Court has accordingly construed the motion as having been brought
pursuant to Rule 60(b).

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence ...;   (3) fraud ...,
misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;   (5) the judgment has been
satisfied, released, or discharged, ...;   or (6) any other
reason justifying relief from the operation of the judgment.

Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). In other words it should be broadly construed to do "substantial justice," *see Seven Elves*, 635 F.2d at 401, yet final judgments should not "be lightly reopened." "The overall standard for granting a motion for reconsideration is strict, and the motion generally will be denied 'unless the moving party can point to controlling decisions or data that the court overlooked — matters which, in other words, might reasonably be expected to alter the conclusions reached by the court.'" *Davidson v. Conway*, 2006 U.S. Dist. LEXIS 89710, at *2 (W.D.N.Y. 2006) (quoting *Shader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The Rule may not be used as a substitute for a timely appeal. *United States v. O'Neil*, 709 F.2d 361, 372 (5th Cir. 1983); *Davidson*, 2006 U.S. Dist. LEXIS 89710, at *2-3. Since 60(b) allows extraordinary judicial relief, it is "appropriate only in cases presenting extraordinary circumstances." *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989), *quoted in Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001).

2

In her motion, plaintiff claims that the Court failed to apply the correct standards in determining that the allegations of the amended complaint failed to state a claim under 42 U.S.C. § 1983 and in ruling that the defendant, a justice of the New York State Supreme Court, was entitled to absolute judicial immunity and Eleventh Amendment immunity from plaintiff's suit, which concerns actions that were taken by defendant within the scope of her judicial responsibilities.

Nothing in plaintiff's motion for reconsideration allows the Court to grant relief from the February 12, 2007 Judgment under Fed.R.Civ.P. 60(b); plaintiff does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does she show that her claim should be reopened in the interest of justice.   Accordingly, plaintiff's motion for reconsideration (Docket No. 11) is hereby denied.

The Court notes that the instant action follows a previous lawsuit filed in this Court by plaintiff which named a New York State Supreme Court Justice, the Hon. Christopher J. Burns, as a defendant. *Curto v. Bender,* 04-CV-26S (W.D.N.Y., Jan. 12, 2004). In the prior case, plaintiff alleged that Justice Burns had violated plaintiff's constitutional rights when he issued an order reversing a decision of another state supreme court justice, and that he lacked the jurisdiction to do so. By Decision and Order dated March 28, 2005, this Court dismissed the claims against Justice Burns finding that plaintiff's claims against him were barred by the doctrine of judicial immunity. *Curto v. Bender,* 2005 U.S. Dist. LEXIS 6236, at *14-19 (W.D.N.Y. 2005). In dismissing plaintiff's claims against Justice Burns, the Court stated that even assuming the truth of plaintiff's allegations against Justice Burns, "[plaintiff] alleges at most that Justice Burns acted 'in excess of his authority' or erred in the

3

manner in which he exercised his jurisdiction. These allegations are insufficient to divest Justice Burns of judicial immunity." *Id.* at *18-19.

Justice Burns recused himself from plaintiff's state court action on March 4, 2004, shortly after plaintiff filed her previous federal lawsuit naming him as a defendant, 2005 U.S. Dist. LEXIS 6236, at 18, n.3, and the Hon. Donna M. Siwek, the defendant in the instant matter, was assigned to succeed him. Given plaintiff's knowledge, from the Court's dismissal of her previous action against Justice Burns, that New York State judges cannot be sued for judicial acts, her attempt to commence a very similar if not essentially identical lawsuit against Justice Burns' successor, Justice Siwek, can be properly regarded as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B). Plaintiff is accordingly cautioned that the filing of any similarly frivolous actions against state judicial officers in the future may lead the Court to consider the imposition of appropriate sanctions. *See Montesano v. New York,* 2006 U.S. Dist. LEXIS 18677 (S.D.N.Y. 2006) (where plaintiff had knowledge, from decisions dismissing prior actions, that the State of New York and its judges cannot be sued for judicial acts, his filing of additional actions against them caused the Court to advise that any future filing of similarly frivolous actions would warrant the imposition of sanctions).

Plaintiff has also moved for permission to file a late notice of appeal from the February 12, 2007 Order. According to Fed.R.App.P. 4(a)(5)(A), "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause." Plaintiff's request for an extension of time to file a notice of appeal

was brought within the 30 day period prescribed for filing a notice of appeal from the February 12, 2007 Order that she seeks to appeal. In determining whether the failure to file timely a notice of appeal is excusable, the Court must consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Weinstock v. Clearly, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994). The most important factor is the reason for the delay. *Weinstock*, 16 F.3d at 503.

The Court finds that under the circumstances described in plaintiff's motion, she has shown excusable neglect or good cause for her late filing. Accordingly, plaintiff is granted permission to file a late Notice of Appeal, and plaintiff is directed to file a Notice of Appeal by no later than **August 31, 2007**.

Plaintiff's further request that the Court vacate its denial to plaintiff of leave to appeal to the Court of Appeals as a poor person is denied. Any further request to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion, pursuant to Fed.R.Civ.P. 60, for reconsideration of the Court's Order of February 12, 2007 (Docket No. 9) dismissing the amended complaint is denied;

FURTHER, that plaintiff's alternative request for permission to file a late notice of appeal from the February 12, 2007 Order is granted, and plaintiff is directed to file a notice of appeal by no later than **August 31, 2007**;

FURTHER, that plaintiff's request that the Court vacate that portion of the February 12, 2007 Order which denied plaintiff leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:        August 15, 2007
              Buffalo, New York

                                          WILLIAM M. SKRETNY
                                          United States District Judge

6